IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY** § | |
| § | |
| **Plaintiff,** § | |
| § | **CIVIL ACTION NO. 7:15-cv-226** |
| v. § | |
| § | |
| **WELLS FARGO EQUIPMENT FINANCE,** § | |
| § | |
| **Defendant.** § | |

## ORIGINAL COMPLAINT

Plaintiff RLI Insurance Company ("RLI") files this Original Complaint seeking a declaratory judgment and respectfully shows the Court the matters set forth below:

### I.
### PARTIES

1. Plaintiff RLI is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Peoria, Illinois.

2. Defendant Wells Fargo Equipment Finance, Inc. ("Wells Fargo") is a foreign company incorporated in Minnesota and having its principal office in Minneapolis, MN. Wells Fargo may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### II.
### JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-2202. An actual and substantial controversy exists between the parties. By this

action, Plaintiff seeks a declaration related to insurance coverage for equipment leased to Plaintiff's insured by Defendant.

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391(b)(2) because the insured and its equipment are located in Midland, Texas and the events giving rise to this claim occurred in this district.

## II.
## FACTUAL BACKGROUND

**The Claims**

6. On or about May 15, 2015, fire allegedly damaged several pieces of Acid Specialists, LLC's ("ACID") equipment. At that time, RLI provided property insurance coverage to ACID pursuant to RLI Marine Policy number ILM0703249 (the "Policy").

7. Two days after the alleged loss, on May 17, 2015, ACID filed a voluntary petition under Chapter 11 of the Bankruptcy Court with the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, under Case No. 15-41976. The bankruptcy case of ACID was later procedurally consolidated with that of its affiliate, Frac Specialists, LLC, and jointly administered under Case No. 15-41974.

8. ACID submitted four claims for damaged equipment to RLI under the Policy. Each item of equipment was subject to liens or lease agreements by third parties. RLI and ACID agreed to the following payments for the property referenced and applicable lender/lessor:

   a. $713,326,41 for 2012 Frac Pump (SN 93841), CIT Group;
   b. $202,739.27 for 2013 Dragon Frac Pump (SN 93859), CIT Group;
   c. $820,841.14 for 2014 Dragon Frac Pump (SN 133148), Wells Fargo Equipment Finance; and
   d. $850,871.91 for 2014 Dragon Frac Pump (SN 133316), Signature Financial.

9. On September 18, 2015, ACID filed its Motion for Entry of Order Authorizing Distribution of Insurance Proceeds and Approving Proofs of Loss (Docket No. 227) (the "Motion to Approve Proofs of Loss"). Exhibit 1. The Motion to Approve Proofs of Loss sought bankruptcy court approval of ACID's settlements of the claims for the payments set forth above in exchange for a complete release by ACID.[1] In the Motion, ACID expressly states its agreement to the adjusted amount for the Wells Fargo equipment.

10. Defendant Wells Fargo was the only party to file an objection to the Motion to Approve Proofs of Loss (Docket No. 238). On November 4, 2015, the bankruptcy court approved the agreement of ACID and RLI with respect to the other three (3) items of equipment and set the proposed agreement related to the Wells Fargo equipment for hearing on December 3, 2015 (Docket No. 329). Exhibit 2.

11. Rather than prosecute the Motion to Approve Proofs of Loss as to the Wells Fargo equipment, ACID has now consented to an Agreed Order with Wells Fargo that was entered by the bankruptcy court on December 4, 2015 (Docket No. 377) (the "Agreed Order"). Exhibit 3.

12. The Agreed Order purports to assign ACID's interests in the Policy to Wells Fargo with respect to the Wells Fargo equipment, or in the alternative allow Wells Fargo to act on ACID's behalf with respect to bringing a lawsuit against RLI related to the Policy and the Wells Fargo equipment.

13. Neither ACID nor Wells Fargo requested RLI's written consent to the assignment, and RLI has not consented.

**The RLI Policy**

---

[1] The release did not apply to the 2013 Dragon Frac Pump (SN 93859), which was allegedly only partially damaged, could be repaired, and the cost of repair was not certain.

14. RLI issued Marine Policy number ILM0703249, having policy period 7/10/2014 to 7/10/2015, to ACID. The Policy includes **Contractors' Equipment Coverage** and defines "you" and "your" to mean the insured named in the Declarations, *i.e.* ACID.

15. The **Schedule of Coverages for Contractors' Equipment** provides for Actual Cash Value Valuation, which the Policy defines as follows:

> **Actual Cash Value** – The value of covered property will be based on the actual cash value at the time of the loss (with a deduction for depreciation) unless replacement cost is indicated on the "schedule of coverages."

16. The **Loss Payment** provision of the **Contractors' Equipment Coverage** also includes the following condition for "Property Of Others":

> **Adjustment And Payment Of Loss To Property of Others** – Losses to property of others may be adjusted with and paid to:
>
> 1) "you" on behalf of the owner; or
>
> 2) the owner.

17. The **Common Policy Conditions** in the Policy also includes an anti-assignment clause:

> **Assignment** – This policy may not be assigned without "our" written consent.

## IV.
## DECLARATORY RELIEF

18. Plaintiff incorporates by reference the allegations stated above.

19. Plaintiff seeks a declaratory judgment that ACID's assignment of its interests under the Policy to Wells Fargo is unenforceable as to RLI.

20. Plaintiff seeks a declaratory judgment that Wells Fargo is not a party to the Policy and does not have standing to assert a claim under the Policy.

21. Plaintiff seeks a declaration that the adjusted amount for the Wells Fargo equipment that RLI and ACID agreed upon pursuant to the Policy terms is reasonable.

22. Finally, Plaintiff seeks a declaration that it has not breached the Policy.

# V.
# JURY DEMAND

23. Plaintiff requests that this civil action be tried before a jury.

# VI.
# PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment against Defendant Wells Fargo as follows:

1. A declaration that the assignment is not enforceable against RLI;

2. A declaration that Wells Fargo is not a party and does not have standing to assert a claim against RLI;

3. A declaration that the amount RLI and ACID agreed upon for the Wells Fargo equipment is reasonable;

5. A declaration that RLI did not breach the Policy;

6. Costs of court, prejudgment and post-judgment interest as allowed by law; and

7. Such other and further relief as to which Plaintiff is justly entitled.

Respectfully submitted,

*/s/ Greg K. Winslett*_____
GREG K. WINSLETT
State Bar No. 21781900
TAMMY L. CLARY
State Bar No. 24001894
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
tclary@qslwm.com

**ATTORNEYS FOR PLAINTIFF RLI INSURANCE COMPANY**